FILED
June 22, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003583898

Thomas P. Hogan- SBN 95055
LAW OFFICE OF THOMAS P. HOGAN
1207 Thirteenth Street, Suite 1
Modesto, CA 95354-0934

Ph: 209-492-9335

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>JOHN EDWARD ESTEVES<br><br>ELISA KATHLEEN ESTEVES<br><br>Debtors | Case No. 2011-91936<br>Hearing Date: July 27, 2011<br>Hearing Time: 10:30 AM<br><br>Honorable<br>Docket Control No.: TPH-01 |

## MOTION FOR ORDER COMPELLING ABANDONMENT OF THE ESTATE'S INTEREST IN DEBTORS' BUSINESS

Thomas P. Hogan of The Law Office Of Thomas P. Hogan, on behalf of John Edward Esteves and Elisa Kathleen Esteves, the Debtors herein, hereby moves this Court for an Order Compelling Abandonment of the Estate's interest in the Debtors' Business. This Motion is based on the following facts:

1. This case was commenced with the filing of a petition on May 27, 2011. Michael McGranahan was duly appointed to serve as Trustee.

2. As shown in the filed schedules of this case, the Debtors operate a business, Johnny's Plumbing and Construction. Said business is located at PO Box 98 Ripon, Ca 95366.

3. The Debtors' tools of the trade, equipment, accounts receivable (if any) and other business-related assets (hereinafter, "BUSINESS ASSETS") have been disclosed in detail in the filed Schedules A and B (see exhibit #1 attached hereto). The business assets in this case consist of accounts receivable, miscellaneous plumbing and

Motion to Compel                                    1

construction tools, four vans, three trailers, two trucks and a tractor. The Debtors have placed values on these assets in the aggregate total of $33,350.00.

4. As shown in Schedule D (See exhibit #1 attached hereto), the Debtors assert that no Creditors hold any liens against the BUSINESS ASSETS.

5. As shown in Schedule C (see exhibit #1 attached hereto), the Debtors have claimed exemptions totaling against the values of the BUSINESS ASSETS.

6. In summary

   a. Gross value of BUSINESS ASSETS .................................................. $33,350.00
   b. Liens against the BUSINESS ASSETS .................................................. -$   .00
   c. Gross Equity .................................................................................. **$33,350.00**
   d. Exemptions claimed on the BUSINESS ASSETS .....................-$20,140.00
   e. Net value of BUSINESS ASSETS to the estate .................................. **$13,210.00**

7. The Debtors assert that there appears to be business equipment and assets that are not exempt, specifically the 2004 Chevrolet Express Van, 1999 Chevrolet Express Van, 2001 Chevrolet Box Van, 1987 Chevrolet Econoline Box Van, 2004 Small Trailer, 2004 Dump Trailer, 2002 Big Tex Goose Neck Trailer, 2002 Chevrolet Silverado 2500 (not running),1999 Chevrolet Silverado 2500, and portion of the 2004 Kaboda Tractor. The debtors assert that these assets are in poor condition and are used soley for the operation of their business and intend to offer settlement to the trustee regarding these non exempt assets in order to be able to continue using them for their business.

8. The Debtors are aware that, under the provisions of Title 11, US Codes §721, only the Trustee has the authority to operate the Debtors' business; and then, only with an order of the Court. Otherwise, the Trustee is obliged to shut down the business or abandon the estate's interest in the business.

9. However, the Debtors assert that, based on the amount of non exempt equity in the business-related asset, equipment or inventory, and there intention to settle with the trustee regarding these assets, there is no benefit to the estate to either operating OR shutting down this business.

10. Federal Rule of Bankruptcy Proceeding 6007(b) permits a party in interest, including the Debtors, to file a motion seeking to compel the Trustee to abandon property of the estate.

Wherefore, the Debtors move this Court to issue an Order Compelling the Trustee to Abandon the Estate's Interest in the Debtors' Business.

Respectfully submitted on 6/22, 2011.

/s/Thomas Hogan
Thomas P. Hogan 95055
Law Office Of Thomas P. Hogan